# BALTIMORE CITY COURT.

———

Filed February 8, 1908.

———

### A. CRAWFORD SMITH ET AL., RECEIVERS, VS. GEORGE W. WHITTLE.

———

*A. Crawford Smith* for plaintiffs.
*Charles E. Siegmund* for defendant.

NILES, J.—

This is a motion to strike out a judgment rendered under our Practice Act, because of the insufficiency of the cause of action filed with the declaration.

There is no allegation in the motion that the defendant has any defense.

There are, therefore, no equities in favor of the defendant apparent in the case.

There is no question raised as to the sufficiency of the declaration, or the affidavit, nor as to the fact that no plea or defense of any kind has been

filed or made within the prescribed time.

The motion is grounded on the theory that the cause of action filed with the narr, is insufficient, it being a promissory note which, on its face, is payable to the Ferrell-Kellam Drug Company, and there is not filed with it a certified copy of the order appointing plaintiffs receivers of such corporation.

The plaintiffs describe themselves in the body of the narr. as such receivers, but the defendant contends, that, in addition to that, a certified copy of the decree appointing them should be affixed to the promissory note to make a complete cause of action.

This Court does not consider the point well taken, and will overrule the motion.

Defendant's argument is, that the cause of action filed with a narr. under our Practice Act, must disclose prima facie not only an indebtedness of defendant, but an indebtedness of the defendant to the plaintiff.

He contends that, in his case, the allegation in the narr. that the plaintiffs are receivers of a corporation, and the filing of an overdue promissory note made by the defendant to the corporation of which the plaintiffs are alleged to be receivers, does not make out such a prima facie case.

This court agrees with the premise, but cannot accept the conclusion.

The case of Gaither vs. Stockbridge, 67 Md., 222, seems to settle the point, that ordinarily the appointment of a receiver does not change the title to property, although it allows him to take possession of it, or sue for its recovery. The title, then, to the cause of action in this case, was not changed by the appointment "or ordinary receivers;" but the equity court, by its own hand, is simply collecting what is due to the payee of the note in order "to receive and preserve the property or fund." The allegation that the plaintiffs are the receivers must certainly be proven at the trial of the case, but it seems to this court that that is a mere matter of evidence, and the fact that the court, and not the payee itself, is collecting the property of the payee, does not change or alter the cause of action.

Counsel for the defendant very plausibly and forcibly contends that receivers for insolvent corporations are not, or at least may not be, "ordinary receivers of a court of chancery and by the express words of the Code (Article 23, Section 382, etc.), such receivers are "vested with all the estate and assets of every kind belonging to such corporation."

But a sufficient answer to this argument is, that in the case of Gaither vs. Stockbridge, cited above, Judge Bryan, in his dissenting opinion, called attention to the fact that the receiver there was appointed to hold the assets of an insolvent corporation, and relied upon the same language of the Code which is cited in the argument of this case, as giving title to such receiver.

The majority of the court, however, did not so construe the section, but applied in that case the rules applicable to the "ordinary receiver." In the case at bar there is certainly nothing to suggest that the receivers are of any different class than was Mr. Stockbridge in the case referred to.

Inquiry among the clerks has developed the fact that in suits by a receiver, the decree appointing him, or a certified copy thereof, is not customarily filed as a part of the cause of action; and the judgment of this court is in accordance with the practice.